Argued and submitted May 14, affirmed July 5, 1990

# FRED MEYER, INC.,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION
and Kirk A. Albrecht,
*Respondents.*

(89-AB-759; CA A61390)

794 P2d 1237

Barrie J. Herbold, Portland, argued the cause for petitioner. With her on the brief were Christine T. Herrick and Markowitz, Herbold, Stafford & Glade, P.C., Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Kirk A. Albrecht.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of an order of the Employment Appeals Board (EAB) that affirmed the referee's decision that claimant was not disqualified from receiving unemployment benefits. We affirm.

EAB found these facts:

"(1) The claimant worked for this employer from April 13, 1985, until he was suspended, and then discharged effective February 24, 1989. (2) Claimant was a good manager, and he was in charge of the store on the last day that he worked. (3) The employer has a rule which prohibits 'grazing,' which is the term used to describe an employee consuming a product from the employer's grocery store before first having paid for that product. Violation of the rule is punishable by immediate termination without prior warning. The claimant was aware of this rule. (4) On February 22, 1989, the claimant was observed by an off-duty security person taking a 69 [cent] bottle of Gatorade from the shelf and going into a backroom. (5) The claimant was going back to check on the bottle person who was in the backroom working. (6) While talking to the bottle person, the claimant opened the Gatorade and started to drink it. The claimant's conversation with the bottle person was interrupted when he was called over the intercom to go to the front of the store and open one of the checkstands. (7) When the claimant took the bottle from the shelf, he intended to pay for it and thought he would make a quick stop in the backroom to check on the bottle person. When the claimant was called to the front of the store to check groceries, he got busy and forgot about paying for the Gatorade. (8) The off-duty security person waited for over an hour, until the claimant stopped checking, before approaching the claimant and asking if the claimant had a receipt for the Gatorade. The claimant admitted that he did not have a receipt. (9) The security person then took a statement from the claimant, advised claimant that he was suspended and should call the next afternoon. (10) On the afternoon of February 23, 1989, the claimant was told to come in the office on February 24th. When claimant went in as instructed he was discharged. (11) At the time of discharge, the claimant had only one previous warning which was issued for tardiness shortly after the claimant began work for this employer."

■    EAB concluded that claimant was not subject to disqualification under ORS 657.176(2)(a)[1] for misconduct as defined in OAR 471-30-038(3).[2] According to EAB, claimant took the Gatorade fully intending to pay for it, but he became involved in performing his duties as a store manager and forgot about the Gatorade. Although claimant was aware of employer's rule prohibiting "grazing" and did violate that rule, EAB concluded that the violation was not wilful and, therefore, was not disqualifying.

Employer assigns as error that EAB's findings do not rationally support its conclusion that claimant was not discharged for misconduct connected with his work under ORS 657.176(2)(a). Misconduct must be wilful. OAR 471-30-038(3). EAB's findings of facts support its conclusion that claimant's misconduct was inadvertent. EAB's conclusion is rationally related to its findings.

■    Employer also argues that EAB erred as a matter of law in concluding that claimant was not discharged for misconduct connected with his work under ORS 657.176(2)(a). On the basis of what we have already stated, that assignment is not persuasive.

Employer also assigns as error that EAB failed to consider whether claimant was discharged for misconduct because of theft. ORS 657.176(3).[3] The administrative

---

[1] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as an employee of the Federal Government, for which remuneration is received which equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the assistant director finds that the individual:

"(a) Has been discharged for misconduct connected with work * * *."

[2] OAR 471-30-038(3) provides, in part:

"[M]isconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interests, or recurring negligence which demonstrates wrongful intent is misconduct."

[3] ORS 657.176(3) provides:

"If the authorized representative designated by the assistant director finds an individual was discharged for misconduct because of the individual's commission of a felony or theft in connection with the individual's work, all benefit rights based on wages earned prior to the date of the discharge shall be canceled if the

decision was that claimant *was* disqualified under ORS 657.176(2)(a) but was *not* subject to the penalty for theft in connection with his work under ORS 657.176(3). Only claimant requested a hearing. Employer did not request a hearing on issues under ORS 657.176(3).

At the hearing, employer's attorney asked the referee whether it was simply an oversight that the hearing notice omitted mention of the theft issue.[4] The referee responded that the only issue before him was whether there was a discharge for misconduct. He stated that the party adversely affected by the administrative decision on the theft issue could have appealed it. He gave employer an opportunity to request a hearing on that issue, but it did not do so. EAB also considered that the only issue before it was whether claimant had engaged in misconduct in connection with his work under ORS 657.176(2)(a). It ruled that the employer, as the party adversely affected, could have requested a hearing under ORS 657.176(3).[5]

EAB did not err when it refused to consider whether claimant's benefits should be canceled under ORS 657.176(3). Claimant appealed only the administrative decision under ORS 657.176(2)(a), when he asked for a review of the denial of

individual's employer notifies the assistant director of the discharge * * * and:

"(a) The individual has admitted commission of the felony or theft to an authorized representative of the assistant director, or

"(b) The individual has signed a written admission of such act and such written admission has been presented to an authorized representative of the assistant director, or

"(c) Such act has resulted in a conviction by a court of competent jurisdiction."

[4] The hearing notices stated:

"Did the claimant voluntarily quit with good cause or was the claimant suspended or discharged for misconduct? (*See* ORS 657.176 and OAR 471-30-038)."

[5] EAB stated:

"The administrative decision which disqualified the claimant under ORS 657.176(2)(a) also found that the claimant was not subject to the penalty imposed under ORS 657.176(3), which provides for a penalty if an individual is discharged for a commission of a felony or theft in connection with work. The employer did not request a hearing regarding the issue of theft. It is contended by the employer [that] both issues were before the referee and the theft issue should have been decided. We do not agree. No request for hearing was filed by the party adversely affected regarding the issue under ORS 657.176(3)."

benefits. On the other hand, the administrative decision that claimant was not discharged for theft under ORS 657.176(3) was favorable to him and did not affect his benefits, and he did not appeal that decision. It was therefore incumbent on employer to appeal the administrative decision under ORS 657.176(3), if it wished the referee and EAB to review that issue.[6] Nothing in the statute or rules governing appeals of administrative decisions prohibited employer from requesting timely review of the determination under ORS 657.176(3). ORS 657.265; OAR 471-40-005.

Affirmed.

---

[6] A determination that a claimant was discharged for theft under ORS 657.176(3) would carry a greater loss of benefits than would a determination that he was discharged for misconduct under ORS 657.176(2)(a), and the employer would be liable for no benefit payments.